IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:09-CR-21-BO2

FILED
SEP 23 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

UNITED STATES OF AMERICA )
) ORDER COMMITTING THE
v. ) DEFENDANT TO THE CUSTODY OF
) THE ATTORNEY GENERAL
MICHAEL EUGENE LOCKLEAR )

The Court, with the concurrence of all parties, and in accordance with the terms of 18 United States Code, Section 4241(a) has earlier ordered psychiatric assessment of the defendant for the purpose of determining his competency to stand trial. The federal medical authorities at Butner, N.C. thereafter issued a report finding that the defendant did in fact suffer from such mental disease or defect rendering him incompetent to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense.

Relying on the medical authorities belief that there was a substantial possibility of restoring the defendant to competence with further treatment, and hearing no opposition, the Court, pursuant to 18 United States Code, Section 4241(d), ordered the defendant returned to Butner for such further treatment.

The Court has now received a further report from the medical authorities indicating that the defendant remains incompetent to proceed and further, that there is at this time no substantial

1

probability that he will be restored to competency within the foreseeable future. In support of this conclusion, the authorities report that the defendant's incompetence has persisted despite a full regimen of psychotropic medication administered in increasing dosage both orally and via injection. The Court has conducted a hearing to review these circumstances and sought the input of both the defendant, through counsel, as well as the United States.

After due consideration, and hearing no opposition from either the defendant nor the Government, the Court finds that the defendant does in fact remain incompetent to stand trial and that there is currently no substantial probability that he will be restored to competency within the foreseeable future. Furthermore, given the nature of the charges against him and evidence supportive thereof, as well as the delusional condition which continues to afflict him, the Court finds that his release would create a substantial risk of bodily harm to another person as well as serious risk to the property of another. The Court therefore concludes that it must proceed in accordance with the provisions of Title 18 United States Code, Section 4246.

As a consequence to all of the above, the Court hereby **ORDERS** the defendant committed to the custody of the Attorney General of the United States who shall proceed in accordance with all applicable law.

During the defendant's psychiatric incarceration by the

Attorney General, or until further order of the Court, all time consumed by such commitment shall be excluded from any and all speedy trial calculation and the Indictment currently pending against the defendant shall remain in full force and effect.

So **ORDERED** this 22 day of September, 2010.

Terrence W. Boyle
HON. TERRENCE W. BOYLE
United States District Court

3